**REUTER v. UNITED STATES.**

No. 44588.

Court of Claims.

Oct. 7, 1940.

Arthur L. Evely, of Detroit, Mich. (Raymond H. Berry, of Detroit, Mich., on the brief), for plaintiff.

Elizabeth B. Davis, of Washington, D. C., and Samuel O. Clark, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and WHITAKER, LITTLETON, and GREEN, Judges.

WHALEY, Chief Justice.

This suit involves the recovery of income taxes paid by plaintiff for the year 1934. A declaration of trust was made by the plaintiff in which he named himself as the trustee and the sole question in this case is whether under the provisions of this trust the plaintiff may still be treated, for the purpose of the taxing statute, as the owner of the corpus and therefore taxable on the income derived therefrom.

In 1932, the plaintiff made a declaration of trust in which he designated himself as trustee and named his wife and father and mother as the beneficiaries, the former receiving nine-tenths of the income and the latter two receiving one-tenth with the reservation that the combined incomes should not exceed $33,000, and that all over this amount earned by the trust should form part of the corpus of the estate created. The trust was irrevocable for a period of five years and could be terminated at the end of that time by the plaintiff serving notice upon the beneficiaries at least thirty days prior to the time of his election to terminate the trust. Should the plaintiff die during the five years, the trust was to continue for a period of ten years, at the expiration of which period the assets of the trust would be turned over to plaintiff's wife with certain provisions for the same income for his parents, if living. If the wife should die prior to the termination of the trust, and the plaintiff survive her, the trust was to continue in effect and the income otherwise distributed to her was to accumulate and become corpus of the trust.

Broad and almost unlimited powers were bestowed upon the trustee to deal with the trust property upon such terms and conditions as he deemed best. The trust

provided that it was the intention of the plaintiff "to vest discretion, authority, and full power" in the trustee to deal with the assets without regard to whether investments were within the scope of those limited to a trustee under the laws of Michigan, in which a fiduciary could invest.

The trustee was not liable for any loss in value of the property unless occasioned by his bad faith, wilful neglect, or default. Stock dividends, rights to subscribe to stock or debentures, or any other such form of securities were to become corpus and not to be considered income subject to distribution. Provision was made that no part of the trust could be subject to transfer, assignment, sale, pledge, or anticipation by any beneficiary or liable for the debts of any beneficiary. The trustee was also given power, in his discretion, to compromise and settle claims, to consent to the reorganization or other changes in any corporation whose stock was held by the trustee and generally to take such other action incident thereto as he deemed necessary or expedient. Provision was made for the appointment of a successor trustee on the condition that such trustee should be limited as to investments to income-producing securities which constituted legal trust investments under laws of Michigan.

During the year 1934 dividends were paid on certain stocks which formed part of the trust property and the plaintiff distributed this income to the beneficiaries. Plaintiff did not include these dividends in his personal income tax return. The Commissioner of Internal Revenue did include this income in the plaintiff's tax return and this determination of the Commissioner gave rise to a deficiency which plaintiff paid with interest. After the filing of a claim for refund and its rejection, plaintiff instituted this suit for the recovery of the amount paid by him on this income.

In the original brief filed, the plaintiff contended that the income of the trust was not taxable by reason of Section 166 of the Revenue Act of 1934, 26 U.S.C.A. Int. Rev.Code, § 166. However, subsequent to the filing of that brief, the case of Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 557, 84 L.Ed. ——, dealing with a similar situation, was decided by the Supreme Court on February 26, 1940, wherein it was pointed out that the provisions of Section 166 do not subtract from the general definition of income contained in section 22 (a) of the Revenue Act of 1934, 48 Stat. 680, 26 U.S.C.A. Int.Rev.Acts, page 669, and that since the court was of the opinion that the income there in question came within the broad provision of section 22 (a) it was unnecessary to discuss the applicability of section 166.

The Clifford case, supra, and the instant case are similar in all respects and the provisions in the two trusts are almost indistinguishable. They differ in minor and immaterial points. In the Clifford case, the income was given to the wife. In the instant case nine-tenths of the income was given to the wife and one-tenth to the parents. In both cases the income from the trust was kept within an "intimate family group" and the grantor remained in control of the corpus in an almost unlimited way. In neither case has the grantor divested himself of ownership of the property so as to be considered no longer the owner of the property for the purposes of section 22(a) which provides in its broad terms for the inclusion in gross income of " * * * gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever."

In view of the decision in Helvering v. Clifford, above, there can be no question that plaintiff retained such a substantial control over the property in question, after its transfer to the trust, that he must be considered the owner for the purposes of section 22(a) and therefore taxable on the income derived therefrom. As was said by the court in the Clifford case, supra, "We have at best a temporary reallocation of income within an intimate family group. Since the income remains in the family and since the husband retains control over the investment, he has rather complete assurance that the trust will not effect any substantial change in his economic position. It is hard to imagine that respondent felt himself the poorer after this trust had been executed or, if he did, that

it had any rational foundation in fact. For as a result of the terms of the trust and the intimacy of the familial relationship respondent retained the substance of full enjoyment of all the rights which previously he had in the property. That might not be true if only strictly legal rights were considered. But when the benefits flowing to him indirectly through the wife are added to the legal rights he retained, the aggregate may be said to be a fair equivalent of what he previously had."

The whole intention of the trust provisions was that plaintiff should retain full possession and control of the assets of the trust and thus avoid the inclusion in his personal income tax return of that portion which was paid to his wife and parents.

The Commissioner of Internal Revenue was correct in his determination.

The petition must be dismissed. It is so ordered.